Per Curiam.

A sworn statement that a writing sufficient to satisfy the Statute of Frauds exists, is not enough to defeat a motion to dismiss under subdivision 8 of rule 107 of the Rules of Civil Practice. It is incumbent upon the party opposing such a motion to produce the writing or explain the failure so to do. Plaintiffs in this case failed in that respect and as a consequence the motion to dismiss was properly granted.
The deficiency, however, was supplied by the affidavits presented on the motion for a rehearing in which it is stated that the written acceptance was lost and a search to find it was in progress. Plaintiffs’ failure to make known the loss on the motion to dismiss does not preclude them from asserting it on a motion for rehearing since such a motion is not governed by the principles of law applicable to motions for a new trial. On a motion for a rehearing it is not necessary that the additional facts be newly discovered so long as they are legally sufficient and remedy the defects in the proofs submitted on the original motion. If plaintiffs had found and submitted the lost document on the motion for rehearing, there would be no question but that the motion would have been granted and the dismissal of the complaint denied. The result should be no different where, as here, the production of the letter is rendered impossible by reason of its loss. The written acceptance, if any there was, may be established by secondary proof the same as any other lost document.
Accordingly, the order of May 4, 1949, granting defendant’s motion to dismiss should be affirmed, with costs to respondent and the order of July 20, 1949, reversed and plaintiffs’ motion granted, without costs.
G-lennon, J. P., Cohn, Callahan and Shientag, JJ., concur; Van Voorhis, J., dissents in part and votes to affirm both orders.
Order entered May 4, 1949, granting defendant’s motion to dismiss, affirmed, with costs to the respondent, and the order entered July 20, 1949, reversed and plaintiffs’ motion granted, without costs. Settle order on notice. [See 277 App. Div. 769.] '